Judge Underwood,
delivered the opinion of the court.
Marcum warranted upon the following instrument and obtained a judgment.
“Received of Thomas Marcum one fifty dollar note on the bank of Cape Fear, No. 284, letter F dated January 1st, 1816, payable to J. Ore, which we promise to account to him for if it should be good. Louisa, February 9th, 1829.
A. BEIME & Co.”
Beime & Co. appealed to the circuit court. Upon trial there, Marcum read, in evidence, the foregoing receipt, and proved by a writness who was present when it was executed, that Mimms, one of the firm, stated he could not approve or condemn the bank *604 note and that he would take it on and try it and if ft were condemned he would return it. This being all evidence, Beime & Co. moved the court to instruct the jury to find as in case of anon-suit. The court gave the instruction and the jury found accordingly .
lna «lit on a whhih^oblwor acknowledges the receipt of bankynote'& promises to account for it mocP^deci-ded, that lapse of nine date^of the1 writin»- oon-nected with onfthe trial’ producethe bank note or iiad'Vbeooroe of it, authorized jury to notetlwas>ank good and that def’t. had converted it to hia own Use,
We think the court erred in giving the instruction. The warrant was instituted in November 1829. As no pleadings in writing were necessary, every thing of importance should have been proved. There was no opportunity of taking unanswered averments as true. Still we think a proper construction of the covenant and the inferences to be drawn from the writing itself and other facts, all taken together, would have authorized the jury to find for the plaintifE— About nine months had elapsed between the execution of the receipt and the institution of the warrant, This period was sufficiently long to have ascertained va^ue °f the bank note, if it was worth any thing, The covenant clearly conveys a doubt as to the good-ness 0f the note. The doubt was to be removed, and ^ shou!d turn out that the note was good, then Beime & Co. were to account for it. But who was to ascertain its value, or its goodness, to use the Ian-guage of the covenant? We answer, the defendants, It was placed in their hands for that purpose, and the plaintiff could not, without the possession of the note, ascertain whether it was genuine or its value. This we think the defendants tvere bound to do, and upon ascertaining that the note was good, they should have f°r Now from the facts that near nine months had elapsed after the receipt of the note be-fore suit was instituted, that it was the duty of the defendants as holders to make the proper inquiry, an<I that did not on the trial produce the note or shew what had become of it, we think the jury would have been authorized to infer that the note was S°°d at)d that the defendants had converted it to their own use. The note passed as money. The service of the warrant superceded any other demand. Under these circumstances the instruction ought to have been refused. The testimony of Mimms was inadmissable to explain or contradict the writing; but it was admissible to shew that one of the members of the firm promised, at the time the covenant was exe- *605 euted, to take on the note with him and try it, and if it were condemned to return it, because the jury might have infered from this testimony that the ber of the firm was about to go where the goodness of the note could be ascertained, and where if good it could be used as money; and by coupling this with the failure to pay or to return the note as promised, the deduction would not be rash that he had found the note to be valuable and used it accordingly. Upon such a conclusion the jury should have found for the plaintiff. To this extent the'testimony of Mimms did not contradict the writing and should have been admitted.
McConnell, plaintiff; Crittenden, for defendants.
The judgment is reversed with costs, and the cause remanded for a new trial in conformity to this opinion.